# SUPREME COURT.

## LEANDER CROUSE, appellant, agt. WASHINGTON GARLOCK, respondent.

It is possible for a witness to state a fact in plain and concise language so as to convey a distinct idea of his meaning to his hearers, and yet he may have used words in a sense entirely different from that in which they were understood by the hearers, and may have intended to convey an essentially different meaning.

But it will not be presumed that he did not use the words in their ordinary, popular signification. It is for the party alleging such a use of words to prove it.

In this action, which was one commenced before a justice of the peace by the plaintiff, for work, labor and services done under a contract for a definite period at a fixed sum for the defendant, and a discharge of the plaintiff before the expiration of the time by the defendant, the justice upon the trial, the plaintiff being the principal witness, gave judgment for the plaintiff for fifty-four dollars and seventy-four cents, from which the defendant appealed to the county court, where the judgment of the justice was reversed.

The county judge seemed to think that neither performance of the contract nor excuse for non-performance was proved. The general term on appeal, however, thought both were proved, and that the plaintiff had proved all that was required to maintain his cause of action, and reversed the judgment of the county court and affirmed that of the justice.

*Fourth Department, General Term, Rochester, April,* 1873.

*Before* MULLIN, *P. J.,* E. DARWIN SMITH *and* TALCOTT, *JJ.*

THIS action was commenced before a justice of the peace to recover of the defendant on a special contract for work and labor, and on a general count for work, &c.

The defendant put in an answer setting up the pendency of another action for the same cause of action.

Crouse agt. Garlock.

The cause was adjourned, and on the adjourned day the plaintiff appeared before the justice but the defendant did not.

The plaintiff was examined in his own behalf; he also called two other witnesses and rested, and the justice ordered judgment for fifty-four dollars and seventy-four cents damages, besides costs.

From this judgment the defendant appealed to the county court, and that court reversed the judgment on two grounds, viz.: 1st. Because the justice received illegal evidence; and, 2d. No cause of action was proved before the justice. The plaintiff appeals to this court from the judgment of reversal.

On the adjourned day the plaintiff amended his complaint and in it he alleged that on the 19th of April, 1870, he and defendant entered into an agreement in and by which defendant hired plaintiff to work on his farm for eight months from the 23d April, 1870, and he agreed to pay therefor the sum of twenty-five dollars per month and keep for plaintiff two horses.

That plaintiff commenced work on the day agreed upon and worked until 26th September, 1870, when defendant discharged plaintiff and there was due plaintiff $150 for said work.

There was a second count for work and labor and use of plaintiff's team and for time spent for plaintiff, for which he claimed damages of $200.

On the trial the plaintiff testified in substance as follows: "I made a bargain to work for defendant on his farm; commenced the 23d of April at twenty-five dollars per month, and the keeping of a pair of horses to work on his farm; I was to work them for him when he wanted them; worked until the 26th of September under said contract, losing eight and three-quarter days; defendant discharged me and refused to let me work any longer; the whole amount of labor was $130.77; he paid me seventy-five dollars and twenty-five cents; deducting for lost time and payments made there is a balance due me of forty-seven dollars and eighty-four cents;

Crouse agt. Garlock.

before I went to work for him I took him four or five miles to Canajoharie to get some trees with my team; took two days and was worth four dollars; went for a doctor one night to Utica, worth one dollar and fifty cents; mowed grass two nights, worked over-time mowing with machine, worth one dollar; had a grain bag worth forty cents; nothing more paid; offered to work out my time."

Another witness testified that plaintiff commenced work for defendant about the first of April and continued till into September; defendant told plaintiff to clear out, to go amongst the neighbors; plaintiff then asked defendant for money and he replied he did not owe him any.

Another witness testified that defendant admitted that he hired plaintiff for twenty-five dollars per month and keep his horses for him.

The justice certified that the foregoing is substantially all the evidence given in the cause.

S. J. BARROWS, *attorney for appellant.*

I. The appellate court is limited to the grounds stated in the notice of appeal, and the judgment of the justice could not be reversed for errors not stated or appearing in the notice of appeal (*Code*, § 353; *Avery* agt. *Woodbeck*, 62 *Barb.*, 557; *Bush* agt. *Dennison*, 14 *How.*, 310; 2 *Wait's L. & P.*, 778, 779). We, therefore, submit that the notice of appeal to the county court is not sufficient to, and does not raise the question on which the county court reversed the judgment of the justice.

II. All legal intendments and inferences, if they are to be indulged in at all, will be in support of and not against the proceedings and judgment of the justice (*Martin* agt. *Houghton*, 31 *How.*, 82; 2 *Wait's L. & P.*, 908, *and cases there cited; Code*, § 366; 49 *Barb.*, 146; 31 *N. Y.*, 480).

III. The complaint, as amended before the justice, contains two counts, one for a breach of contract in discharging the

plaintiff and the other for work and labor generally; and we submit that, under either count, the plaintiff gave ample and sufficient evidence to warrant a recovery and sustain the judgment rendered by the justice, and that the county court erred in reversing the same.

1. 'The plaintiff testifies that he made a contract to work for the defendant on his farm in Frankfort; that he commenced April 23d at twenty-five dollars per month and the keeping of a pair of horses to work on defendant's farm; that he commenced work, under this contract the 23d of April and worked until the 26th day of September, losing eight and three-quarter days' time, when the defendant discharged him and refused to let him work any longer; that the whole amount of his work amounted to $130.77; that defendant had paid him seventy-five dollars and twenty-five cents; that the lost time was worth seven dollars and sixty-eight cents, making in all, that the defendant had paid him, eighty-two dollars and ninety-nine cents, leaving a balance of forty-seven dollars and eighty-four cents; that he done other work for the defendant before the contract was made, worth four dollars, and another item worth one dollar and fifty cents; that he worked overtime worth one dollar, and that defendant had a grain bag of him worth fifty cents, making in all the sum of fifty-four dollars and eighty-four cents, the precise sum for which the judgment of the justice was rendered; that no part of this difference had been paid, and that at the time the defendant discharged him he offered to work his time out as well as since that time.

2. This evidence is not disputed and must be taken to be true in the case, and if the plaintiff was discharged before the end of his time he had one of three remedies, either of which he might pursue at his election : " 1. He may, the moment the contract is broken, bring a special action to recover the damages arising from the breach. 2. He may treat the contract as rescinded and immediately sue on the *quantum meruit* for the work actually performed; or, 3. He may wait until

the termination of the period for which he was hired, and claim as damages the wages agreed to be paid by the contract " (*Colburn* agt. *Woodworth*, 31 *Barb.*, 381 ; 2 *Smith's Leading Cases*, *p.* 27, *notes to Cutter* agt. *Powell ;* 1 *Cowen's Tr. by Kingsley, p.* 136).

IV. If the plaintiff was discharged by the defendant and the defendant refused to let him work his time out as the plaintiff testified and as appears by the evidence in the case, it was a breach of the contract by the defendant, which entitled the plaintiff to bring this action at once to recover for the labor already performed, and he was not bound to wait until the termination of the period for which he was hired before he could bring the same (*Colburn* agt. *Woodworth*, 31 *Barb.*, 381 ; *Burtis* agt. *Thompson*, 42 *N. Y.*, 246 ; *Crist* agt. *Armour*, 34 *Barb.*, 378).

V. The presumption is the plaintiff done his duty to the defendant and was duly performing, and would have fully kept and performed, the contract on his part but for being discharged by the defendant ; and if it were otherwise, or the defendant had cause for discharging the plaintiff, it was for him to show that fact on the trial and not abandon the case after the joining of issue and adjournment, as the case shows he did.

VI. The justice did not err in not dismissing the case at the joining of the issue on receiving the answer of defendant of the commencement of a former suit in bar.

1. The answer does not show that the alleged former suit was still pending. This is essential in such an answer and cannot be omitted (*O'Brien* agt. *Lloyd*, 1 *Sweeny*, 19).

2. There was not then or at any time any proof offered or given of the pendency of the alleged action.

We submit, therefore, that there was ample and sufficient evidence before the justice to warrant and sustain the judgment by him, and that the judgment of the county court should be reversed and that of the justice affirmed.

J. A. STEELE, *attorney for respondent.*

I. The learned county judge reversed the judgment of the justice for two principal reasons :

1st. That the plaintiff failed to show a performance of the contract (if there was one proven on the trial), and,

2d. The admission of incompetent evidence.

It is well settled that the defendant waives nothing by not appearing at the trial, and if the justice admitted any incompetent or improper evidence, the defendant may have the benefit of the objectionable evidence on appeal, the same as though he had appeared on the trial and there made his objection (*Clark* agt. *Van Vracken*, 20 *Barb.*, 278 ; *Perkins* agt. *Stebbins*, 29 *id.*, 523 ; *Armstrong* agt. *Smith*, 44 *id.*, 120).

II. The plaintiff failed to show a performance of his con tract, if any was shown to have been made.

1. There was no contract shown by any legal evidence.

2. But assuming that a contract might be spelled out of what the plaintiff says, it was a contract to work eight months at twenty-five dollars per month, and the keeping of a pair of horses to work on the defendant's farm.

3. It appears from the evidence of the plaintiff that he lost eight and three-quarter days.

No excuse is shown for this loss of time—a third of a working month.

It not only shows a non-performance of the alleged agreement, but shows a violation of it.

4. It appears from the alleged contract that the plaintiff was to keep his team of horses on the defendant's farm and work them when wanted.

He shows no performance or offer to perform this part of the contract.

5. It was incumbent upon the plaintiff to show a performance of his contract or an offer to perform ; and not having done so, the county judge rightfully reversed the judgment.

III. The justice received incompetent and improper evi-

dence. In fact, there is very little, if any, competent or proper evidence in the case.

1. With relation to the price agreed upon for the services the plaintiff says: "I commenced work on the twenty-third day of April at twenty-five dollars per month."

This is all there is upon that part of the contract.

This was incompetent and improper.

2. The plaintiff says again: "The whole amount of labor was $130.77."

This was also incompetent and improper.

3. Again the plaintiff says: "Paid me seventy-five dollars and twenty-five cents; lost time, eight and three-quarter days, worth seven dollars and sixty-eight cents. Making all he has paid me eighty-two dollars and ninety-nine cents, leaving a balance of forty-seven dollars and eighty-one cents due me for work under this contract by the month."

In other words, the plaintiff calculates the number of days lost time at twenty-five dollars per month, and gives the defendant credit for that amount by adding it to the amount paid him and deducting that amount from the amount he had earned for the whole time worked at twenty-five dollars per month.

This is a short and rather novel way of making up the account. But he made an error in his calculations. His work will not prove.

It was all incompetent and improper.

4. The opinion of the plaintiff, as to the value of the various items set forth, was incompetent and improper. He was not shown incompetent.

5. Again, it does not appear that the plaintiff went to Canajoharie with his team at the request of the defendant; nor at whose request or for whom he went for the doctor, nor for whom he mowed the grass, nor who had the grain bag.

This evidence was all incompetent and improper.

IV. The learned county judge committed no error in

Crouse agt. Garlock.

reversing the judgment of the justice, and the judgment of the county court should be affirmed by this court.

*By the Court*, MULLIN, *P. J.*—The county judge delivered an opinion assigning his reasons for reversing the judgment.

The first objection the learned judge makes to the action of the justice is that the plaintiff testified to the whole amount of his labor, but gives no facts whereby any legal conclusion can be arrived at as to whether the labor amounted to that or not.

I am unable to conceive of any other facts that were required to ascertain the amount due him under the contract. He gave the day on which he commenced work and the day he quit work, and the wages defendant agreed to pay, and the number of days plaintiff did not work for defendant. These data are all that could be required.

The justice was not bound to accept the result of plaintiff's calculation if it was erroneous, but there can be no objection to the witness making this, if he makes it correctly. A special contract was clearly proved. The county judge seems to think that neither performance nor excuse for non-performance was proved. It seems to me that both were proved. Plaintiff swears he worked for defendant from 23d April to 26th September under the contract, and on the last-mentioned day he was discharged, or as the other witness expressed it, he was told to go among the neighbors. The plaintiff performed as long as defendant would permit. When he was ordered off, it was his right to leave and recover for his wages already earned.

The judge says the plaintiff does not show how or why he was discharged. He certainly shows how he was discharged, the reason why he might not know. The judge says that this answer, that he was discharged, was a mere conclusion of the witness. Webster says that one definition of the word discharge, is to dismiss from service.

There is no room for two opinions as to what the witness

said, and no room for argument as to his meaning. So far from being a conclusion of the witness, it is the statement of a fact.

It is possible for a witness to state a fact in plain and concise language so as to convey a distinct idea of his meaning to his hearers, and yet he may have used words in a sense entirely different from that in which they were understood by the hearers, and may have intended to convey an essentially different meaning. But it will not be presumed that he did not use the words in their ordinary, popular signification. It is for the party alleging such a use of words to prove it.

We cannot affirm that the witness Austen did not state the whole conversation with defendant when he heard defendant tell plaintiff to clear out, nor that any additional words used by him would have changed the sense.

It seems to me the plaintiff proved all that he was required to prove to maintain his cause of action.

The judgment of the county court must be reversed, and that of the justice affirmed.